IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JAMES WHITTED, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:15-15262 |
| ) | |
| JOE COAKLEY, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 17, 2015, Petitioner, acting *pro se*, filed his Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) In his Petition, Petitioner alleges that his due process rights were violated based upon disciplinary action taken against him while he was housed at a Residential Reentry Center ["RCC"]. (Id.) Specifically, Petitioner argues that (1) the investigator was part of the Center Discipline Committee ["CDC"], and (2) he was denied the opportunity to present evidence at the CDC hearing. (Id., pp. 5 – 7.) Petitioner acknowledges that he failed to fully exhaust his administrative remedies, but argues that "he would be irreparably harmed if he was forced to seek any further administrative remedy because his release date is March 7, 2016." (Id., p. 8.) As relief, Petitioner requests that the Court order his immediate release from prison. (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of the Incident Report (Id., p. 13.); (2) A copy of the Center Discipline Committee Report (Id., p. 14.); (3) A copy of the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"Inmate Rights At Center Discipline Committee Hearing" (Id., p. 15.); (4) A copy of a Memorandum from Social Services Coordinator Chantelle Leader to Disciplinary Hearing Officer Daniel Garcia dated March 6, 2015, regarding Petitioner (Id., p. 16.); (5) A copy of a letter from Sandra Perez, Teeth Whiting Specialist (Id., p. 17.); (6) A copy of a label containing the active ingredients in Listerine (Id., p. 18.); (7) A copy of a photographs of Petitioner having a teeth whiting procedure performed (Id., p. 19.); (8) A copy of Regional Director J.F. Caraway's Response dated May 5, 2015 (Id., p. 20.); (9) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated June 18, 2015 (Id., pp. 21 - 22.); (10) A copy of Petitioner's "Regional Administrative Remedy Appeal" (Id., p. 23.); (11) A copy of the DHO Report (Id., pp. 24 - 25.); (12) A copy of the "Waiver of 24 Hour Notice" dated February 13, 2015 (Id., p. 26.); (13) A copy of the "Checklist for CDC Certification" dated February 13, 2015 (Id., p. 27.); (14) A copy of the "Notice of Discipline Committee Hearing" dated February 13, 2015 (Id., p. 28.); and (15) A copy of Warden K. Ask-Carolson's Response to Petitioner's "Inmate Request to Staff" dated March 23, 2015 (Id., p. 29.).

By Order entered on November 24, 2015, the United States Magistrate Judge R. Clarke VanDervort directed Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.)

On December 22, 2015, Respondent filed his Response to the Order to Show Cause. (Document No. 7.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner failed to exhaust his administrative remedies" (Id., pp. 6 – 8.); (2) Petitioner received the rights afforded pursuant to *Wolff*" (Id., pp. 8 – 10.); and (3) "The DHO

Rehearing cured any alleged deficiencies and rendered moot any claim related to earlier proceedings" (Id., p. 10.)

As Exhibits, Respondent files the following: (1) The Declaration of Sharon Wahl (Id., pp. 13 – 14.); (2) A copy of the "Incident Report" dated February 13, 2015 (Id., pp. 16 – 17.); (3) A copy of the "Inmate Rights At Center Discipline Committee Hearing" dated February 13, 2015 (Id., p. 19.); (4) A copy of the "Waiver of 24 Hour Notice" dated February 13, 2015 (Id., p. 21.); (5) A copy of the "Notice of Center Discipline Committee Hearing" dated February 13, 2015 (Id., p. 23.); (6) A copy of the "Center Discipline Committee Report" dated March 13, 2015 (Id., pp. 25 – 26.); (7) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" dated December 16, 2015 (Id., pp. 28 – 38.); (8) A copy of the "Discipline Hearing Officer Report" dated June 29, 2015 (Id., pp. 40 – 43.); (9) A copy of the "Notice of Discipline Hearing Before the DHO" dated June 23, 2015 (Id., p. 45.); (10) A copy of the "Inmate Rights at Disciplinary Hearing Form" dated June 23, 2015 (Id., p. 47.); (11) A copy of a letter dated February 13, 2015, from Sandra Perez, Teeth Whiting Specialist (Id., p. 49.); and (12) A copy of the Petitioner's Alcohol Breathalyzer Test (Id., pp. 50 - 51.); and (13) A copy of the definition of Breathalyzer from Wikipedia (Id., p. 52.).

By Order and Notice entered on December 23, 2015, Judge VanDervort advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 8.) By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 9.) Petitioner failed to file a Reply to Respondent's Response.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on March 7, 2016.

collateral consequences, and therefore, his Section 2241 Application must be dismissed.[3] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[3] Furthermore, the undersigned notes that Petitioner does not dispute that he failed to exhaust his administrative remedies. Petitioner, however, claims that he should be excused from exhaustion because his release date is fast approaching. It is well recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that exhaustion should not be excused simply because an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full 12 month RCC placement. *See Wright v. Warden*, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); *also see Yannucci v. Stansberry*, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and *Garrison v. Stansberry*, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims"). Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting his

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 22, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

---

administrative remedies and his Petition should be dismissed